UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,

                        Plaintiff,

                -against-

FULMONT MUTUAL INSURANCE COMPANY,

                        Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), and for its Complaint for Declaratory Judgment against Defendant, FULMONT MUTUAL INSURANCE COMPANY ("Fulmont"), alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Fulmont is obligated to defend and to indemnify Crotona Center Corp. ("Crotona") in connection with an underlying action asserting claims for injuries allegedly sustained by the underlying plaintiff, Barbara Sierra (the "Claimant"). That lawsuit is styled *Sierra v. Crotona Center Corp., et al.,* in the Supreme Court of the State of New York, County of Bronx, Index No. 303887/2014 (the "Underlying Action").

### Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Fulmont was and is a New York corporation with a principal place of business in Johnstown, New York.

1

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant.

7. Plaintiff Travelers has no other adequate remedy at law.

**Insurance Policies**

8. Upon information and belief, Fulmont issued a commercial general liability insurance policy to VS Cleaners Inc. DBA Cleaner's Express ("VS") bearing policy number S612108902701 with effective dates of October 5, 2012 to October 5, 2013 (the "Fulmont Policy").

9. Subject to certain terms, conditions, and exclusions, the Fulmont Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10. Fulmont's Policy contains an endorsement titled, "Additional Insured (Premises Leased to the Named Insured)" (LS-19 Ed. 01/88). Under the terms of this endorsement, Fulmont agreed to provide liability coverage to the person or organization identified in the "Schedule." The "Schedule" (which appears on the policy "Supplemental Declarations") identifies Crotona Center Corp. as the "additional insured" for the Premises. The effective date of this coverage was October 5, 2012.

11. The coverage provided by Fulmont's policy protects Crotona Center Corp. from liability "arising out of the ownership, maintenance or use of" the Premises.

12. Travelers issued a commercial general liability insurance policy to Crotona bearing policy number IK660-2B218811 with effective dates of January 18, 2012 to January 18, 2013 (the "Travelers Policy").

13. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available to Crotona where it has been added as an "additional insured."

## BACKGROUND FACTS

15. Prior to the alleged accident in the Underlying Action, Crotona and Kleener King Industries Corp. ("Kleener") entered into a lease agreement, pursuant to which VS lease the laundromat facility located at 713 E. 180th Street, Bronx, New York ("the Premises").

16. The terms of the lease agreement required Kleener to maintain general liability insurance that named Crotona as an "additional insured."  Further, the terms of the lease agreement require Kleener to defend, indemnify and hold harmless Crotona from any claims, actions, damages, liability and expenses that arise from or in connection with the use of any sidewalks adjoining the Premises.

17. There is a written lease amendment between Crotona and 3454 Cleaner Corp (dba VS Cleaners Inc) for the Premises dated March 15, 2011.  The lease amendment is signed by Maribel Hoyas on behalf of VS and by Christine Procida on behalf of Crotona.  The lease

amendment expressly refers to the terms of the original lease.

19. In the Underlying Action, Claimant is alleging that, on or about November 17, 2012, she was injured when she tripped and fell while walking on an uneven sidewalk in front of the Premises. A true copy of the Verified Complaint in the Underlying Action is attached hereto as **Exhibit "A"**.

19. Travelers is defending Crotona in connection with the Underlying Action.

20. In the Underlying Action, Claimant seeks to impose liability on Crotona for alleged bodily injury with respect to operations performed by or on behalf of VS.

## **TENDERS TO FULMONT**

21. By correspondence dated April 9, 2013, Travelers tendered the defense, indemnity and additional insured status of Crotona to VS.

22. By correspondences dated July 25, 2013 and November 19, 2013, Fulmont sent a letter to Travelers requesting additional documentation.

23. By correspondence dated February 20, 2014, Fulmont sent Travelers a letter declining the defense, indemnification and additional insured status of Crotona.

24. By correspondence dated April 15, 2021, Travelers sent Fulmont a letter again requesting the defense, indemnification and additional insured status of Crotona based on the terms of the Lease.

25. By correspondence dated September 7, 2021, Fulmont sent Travelers a letter again denying Travelers request for the defense, indemnification and additional insured status of Crotona.

26. To date, Fulmont still refuses to provide a defense, indemnity and additional insured status to Crotona under the Fulmont Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

27. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "26" above as if fully set forth herein.

28. Crotona qualifies as an "additional insured" under the Fulmont Policy.

29. The coverage provided to Crotona under the Fulmont Policy is primary to any coverage provided by the Travelers Policy.

30. Accordingly, Travelers seeks a declaration that Fulmont has an obligation to defend and indemnify Crotona as an "additional insured" under the Fulmont Policy; and that the obligations of Travelers to Crotona in the Underlying Action is excess to proper exhaustion and full payment of the limits of the Fulmont Policy.

31. In addition, Travelers seeks an award at law and in equity against Fulmont for recovery of all sums Travelers has paid and continues to pay in the defense of Crotona in the Underlying Action because the coverage provided by the Fulmont Policy is primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that Crotona is an "additional insured" under the Fulmont Policy to whom Fulmont owes coverage with respect to the Underlying Action;

2. Declaring that Fulmont has a duty to defend Crotona in the Underlying Action up to and including the respective policy limits of the Fulmont Policy;

3. Declaring that the coverage owed by Fulmont to Crotona with respect to the Underlying Action is primary to any coverage provided by Travelers to Crotona;

4. Declaring that the obligations of Fulmont to Crotona with respect to the Underlying

Action is primary to any obligations of Travelers to Crotona;

5. Declaring that the obligations of Travelers to Crotona in the Underlying Action is excess to proper exhaustion and full payment of the respective limits of the Fulmont Policy by means of a verdict, judgment, or settlement;

6. Awarding judgment against Fulmont in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Crotona in the Underlying Action;

7. Awarding judgment against Fulmont in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify Crotona in the Underlying Action;

8. Granting an award in favor of Travelers for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       August 31, 2023

USERY & ASSOCIATES

By: */s/ Brent S. Usery*
Brent S. Usery, Esq.
*Attorneys for Plaintiff—*
*The Travelers Indemnity Company*
Direct: 917.778.6415
Fax: 844.571.3789
Email: busery@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017